IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DORIS D. REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16cv861-SRW |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER[2]

Plaintiff Doris D. Reid commenced this action on October 31, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for a period of disability and disability insurance benefits. *See* Doc. 1; Doc. 12 at 1. Plaintiff alleged disability as of April 1, 2007, due to fibromyalgia, "sleep disorder," orthoarteriotony, depression, hearing loss in the right ear, plantar fasciitis, "HBP," as well as pain and symptoms associated with the foregoing conditions. *See* Doc. 12 at 1; R. 126, 160. On April 13, 2015, Administrative Law Judge Renee Blackmon Hagler ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

application.[3] *See* R. 11-23. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1-6.

In the instant appeal, the plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 12 at 14-15. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 9; Doc. 10. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

In addition, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 12 at 14. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *See id*. at 14-15. These motions will be denied.

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the

---

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 11.

decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide

evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

# DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of obesity, bilateral hallux foot deformity with small right calcaneal spur, pes planus, plantar fasciitis, sleep-related breathing disorder (sleep apnea), cervical spondylosis, sensorineural hearing loss in right ear, fibromyalgia, mild right carpal tunnel syndrome, hypertension, and major depression. *See* R. 13. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. *See* R. at 14-15. As she must, the ALJ considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See* R. 14-16.

The ALJ made the following RFC determination:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she can lift and / or carry occasionally 20 pounds and frequently 10 pounds. She can sit for six hours and stand and / or walk for six hours in an eight-hour workday. She can push / pull as much as she can lift and / or carry. She can occasionally climb ramps and stairs. She can never climb ladders and scaffolds. She can frequently balance, stoop, kneel, crouch and crawl. She cannot tolerate exposure to unprotected heights. She can tolerate occasional exposure to humidity, wetness, and extreme cold. She can perform simple, routine and repetitive tasks of unskilled work.

R. at 16. At step four, the ALJ found that the plaintiff can perform her past relevant work as a maid. *See* R. at 25. The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … from April 1, 2007, through [April 13, 2015]" R. at 26.

The plaintiff raises two arguments in support of this appeal: (1) the ALJ erred by assigning "significant weight" to the medical source opinion of the state agency physician, Dr. Samuel D. Williams, M.D., and by relying only on portions of his opinion without

explanation; and (2) the ALJ's RFC "is inconsistent with her step two findings regarding [plaintiff's] severe impairments" because the RFC does not include limitations for every severe impairment. Doc. 12 at 3. The Commissioner maintains that the ALJ applied proper legal principles and her decision is based on substantial evidence. The court agrees with the Commissioner.

### I. Dr. Williams' medical source opinion does not merit reversal or remand.

The administrative record contains the medical source opinions of two state agency physicians: Dr. Gloria Sellman, M.D., and Dr. Williams. R. 55-69. The ALJ assigned "significant weight" to both doctors' opinions. R. 18. Also, the ALJ acknowledges a "paucity of medical evidence" in support of plaintiff's application, including treatment records, physical / occupational therapy records, progress notes, hospital records, and notes from a consultative examination on September 19, 2013, by Randall Green Jordan, Psy.D. R. 24, 236-1007. The plaintiff also testified at the hearing before the ALJ. *See* R. 32-54.

The plaintiff does not assert that the record is not fully developed or that the ALJ failed to consider or weigh properly any evidence except for two sentences in Dr. Williams' opinion statement, as paraphrased by the ALJ in her written decision: "[Plaintiff] could be expected to miss one to two days of work per month due to psychiatric conditions. She could adapt to simple, gradual, well-explained workplace changes." Doc. 12 at 4 (quoting R. 19 (citing R. 66)). The ALJ accurately represents Dr. Williams' findings on these points. *See* R. 66.

The plaintiff argues that the ALJ erred because she "failed to provide any reasons for rejecting [these] portions of Dr. Williams' opinion[.]" Doc. 12 at 4. In support of this

argument, the plaintiff contends that the RFC does not account for Williams' opinion that plaintiff will miss one or two days of work per month "due to her psychiatric conditions," Doc. 12 at 4-5, and Williams' finding that the plaintiff "can adapt to simple, gradual, well-explained workplace changes." R. 66 The plaintiff asserts that the RFC assessment that plaintiff "can perform simple, routine and repetitive tasks of unskilled work" does not address Williams' findings, which the ALJ gave significant weight. Doc. 12 at 4 (quoting R. 16). According to the plaintiff, the ALJ "either erred in failing to explain why these portions of Dr. Williams' opinion were not accepted, or she has erred in failing to complete [plaintiff's] RFC assessment. In either instance, the ALJ has committed reversible error." Doc. 12 at 5.

The Commissioner does not dispute the ALJ's or the plaintiff's recitation of Dr. Williams' opinions on these two points, and she concurs that the ALJ assigned Dr. Williams' opinion evidence "substantial weight" in its entirety. Doc. 13 at 5. The Commissioner additionally maintains that the ALJ's findings that Dr. Williams' opinion is "consistent with the [plaintiff's] history of mental health treatment or lack thereof and examination findings" and that the opinion "is supported by, and consistent with, the opinion of examining medical consultant, Randy Jordan, Psy.D." Doc. 13 at 5 (citing and quoting R. 18-19).

> The ALJ accurately summarized Dr. Jordan's findings:
>
> Dr. Jordan opined that the claimant could manage her financial affairs in a manner consistent with same age peers. She could function independently. She could hear and understand normal conversation without great difficulty. Her ability to carry out and remember instructions of a simple, one-step nature was not compromised. She could do multi-step tasks with some degree

7

> of supervision. Her ability to respond well to coworkers, supervision, and everyday (sic) work pressure was compromised to a mild degree due to psychiatric issues.

R. 19 (citing Exhibit 9A, R. 614-15). The ALJ further "acknowledges the overall lack of persistent and regular treatment and wide gaps between treatment visits…." R. 24. The ALJ "points out that, while the claimant attended one psychological evaluation conducted by the Administration because of allegations of depression, the record does not contain ongoing, objective evidence that the claimant obtained specific treatment or counseling at a mental health facility or with a medical health professional." *Id.* The ALJ found that the plaintiff's physical and mental impairments are controlled with medication based on the evidence in the administrative record, and that there is no evidence of side effects. *See id.* The plaintiff does not quarrel with these findings. Moreover, the court has scrutinized the record as a whole, and it concludes that the ALJ's findings are based on substantial evidence.

In support of her argument, the plaintiff relies on an unpublished Eleventh Circuit decision,[4] *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729 (11th Cir. 2011), and a decision from the United States District Court for the Middle District of Florida, *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262 (M.D. Fla. 2012), for the proposition that an ALJ cannot reject portions of a physician's opinion evidence without providing an explanation, and that such error mandates reversal. Doc. 12 at 5-6. However, those cases

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but they may be cited as persuasive authority. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004); 11th Cir. R. 36-2.

do not help the plaintiff here, as both are factually distinguishable from the instant action. In *Dempsey* and *Kahle*, the ALJ expressly rejected a physician's opinion evidence on a material subject without providing an adequate explanation. *See Dempsey*, 454 F. App'x at 733 (the ALJ "said nothing" about three pages of opinion evidence by a claimant's treating physician regarding the claimant's impairments such that the court could not determine if the ALJ even considered the evidence or afforded the treating physician's opinions the requisite significant weight); *Kahle*, 845 F. Supp. 2d at 1272-73 (ALJ erred by rejecting the only examining medical source of record and offering a conclusory, unsupported explanation that the medical source's opinion was not consistent with the record). Neither of these cases addresses the plaintiff's complaint with the ALJ's decision in the instant proceeding – *i.e.*, that the ALJ assigned significant weight to Dr. Williams' opinion, discussed it in the written decision, and did not expressly reject the two sentences at issue. The crux of plaintiff's argument is the contention that the ALJ rejected these two sentences. However, as discussed *infra*, the ALJ did not reject Dr. Williams' opinion evidence.

The plaintiff argues that the ALJ implicitly rejected Dr. Williams' opinion evidence by failing to assess the impact of his opinion that the plaintiff "can be expected to miss one to two days per month due to psychiatric conditions" and that she "can adapt to simple, gradual, well-explained workplace changes." Doc. 12 at 6; R. 66. The Commissioner responds with several arguments, but her last argument is especially persuasive. The Commissioner maintains that the ALJ is not required to "incorporate Dr. Williams' absenteeism and adaptation limitations into the RFC assessment or explain why she did not

incorporate those limitations" in light of the Eleventh Circuit's unpublished decisions *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014), and *Newberry v. Comm'r Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014). In those cases, the Court found that there is no requirement that the ALJ discuss every piece of medical evidence of record as long as the written decision makes clear that the ALJ considered the medical source opinion and the evidence as a whole. *See id.* An ALJ is "required to state with particularity the weight [s]he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The ALJ did so here.

The ALJ also met her responsibility to consider the medical record as a whole and make a determination on the entire record. Here, the plaintiff does not contest the ALJ's finding that the plaintiff's physical and psychological conditions are controlled with medication, and that finding alone is sufficient explanation for the ALJ's not including an absentee limitation in the RFC. Moreover, while the plaintiff treats Dr. Williams' adaptation limitations as the maximum limit that the plaintiff can sustain, the ALJ made no such finding. To the contrary, the ALJ cites to Dr. Jordan's assessment, which she finds to be consistent with Dr. Williams' opinion, and Dr. Jordan provides greater specificity concerning social and workplace limitations. He assessed the plaintiff as "functioning independently" and having the "ability to carry out and remember instructions of a simple, one-step nature[.]" R. 19; *see also* R. 614-15. The ALJ's findings and RFC are consistent with Dr. Jordan's opinion evidence, and, accordingly, are consistent with Dr. Williams' adaptation limitations. Thus, the ALJ did not reject Dr. Williams' opinion evidence.

In addition, Dr. Williams is a non-examining medical source, and "reports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision." *Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (citations omitted). However, the plaintiff argues that this court should make a disability determination in plaintiff's favor or remand for additional proceedings on evidence that is, as a matter of law, insufficient to substantiate a favorable disability determination.[5]

**II.  An ALJ's Finding of a severe impairment does not mandate an RFC accommodation.**

The plaintiff argues that, because the ALJ found that plaintiff has severe impairments of bilateral hallux foot deformity with small right calcaneal spur, pes planus, plantar fasciitis, sensorineural hearing loss in the right ear, and mild right carpal tunnel syndrome, the ALJ was obligated to include limitations for those impairments in the RFC. *See* Doc. 12 at 11. As a matter of law, the plaintiff's argument fails. The Commissioner correctly asserts that, "A conclusion that an impairment is 'severe' for the purposes of step two of the enquiry does not dictate the outcome at step four." *Ybarra v. Comm'r Soc. Sec.*, 658 F. App'x 538, 541 (11th Cir. 2016) (citing *Moore v. Barmhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) (citing, in turn, *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work")). A court is not permitted to reweigh evidence from the

---

[5] In support of the plaintiff's second argument in favor of remand, the plaintiff acknowledges that "evidence from nonexamining, reviewing doctors does not constitute substantial evidence on which to base an administrative decision …." Doc. 12 at 16 (citing *Markell v. Astrue*, 2007 WL 4482245 (M.D. Fla. Dec. 19, 2007).

administrative record that might mitigate against the RFC determination. *See*, *e.g.*, *Moore*, 405 F.3d at 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner ... even if the evidence preponderates against the decision.") (citation, internal marks, and footnote omitted). The court must affirm the Commissioner's RFC finding if it is based on substantial evidence. *See id.* Such is the case here.

The plaintiff's argument ignores the ALJ's well-developed RFC determination and her discussion of the plaintiff's testimony, her husband's testimony, and the medical evidence of record. *See* R. 16-25. It is evident that the ALJ considered the entire record. *See* R. 16, 24.

As to bilateral hallux foot deformity, pes planus, and plantar fasciitis, the ALJ discusses the plaintiff's treatment history and Veterans Administration records. That evidence demonstrates that these conditions were managed with care and they improved from September 16, 2011 through October 2, 2013. See R. 19-21 (citing R. 253-338, 961-66). With regard to the plaintiff's allegation of hearing loss, the ALJ determined that "no treating source … indicated that the claimant has had difficulty hearing or understanding conversation during treatment." R. 24. As noted by the ALJ, an examination in March 2014 revealed that the plaintiff's hearing is not impaired. *See* R. 22, 646. Regarding plaintiff's carpal tunnel syndrome, the ALJ's RFC findings include references to unremarkable test results, tests that showed "mild" carpal tunnel syndrome, and the plaintiff's testimony

12

about her daily activities, including driving, gripping a coffee cup, and picking up small objects. R. 22-23 (citing R. 45-46, 607-609, 647, 989). Generally, and in addition to the medical evidence of record, the ALJ also concluded that the plaintiff's testimony and evidence about her daily life activities was persuasive that the plaintiff was not disabled. *See* R. 19.

The ALJ's detailed RFC findings are based on substantial evidence that is cited and discussed in the ALJ's written decision. Moreover, the court has carefully scrutinized the record, and it concludes that the ALJ's decision with regard to the RFC is based on substantial evidence. While the plaintiff disagrees with the ALJ's factual findings, this court cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. *See Dyer*, 395 F.3d at 1210.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by a separate judgment.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED**. *See* Doc. 12.

Done, on this the 28th day of March, 2018.

/s/ Susan Russ Walker_____<br>
Susan Russ Walker<br>
United States Magistrate Judge